IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KEVIN DEWAYNE MCCOWAN | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| V. | § | _____ |
| | § | |
| SERVA GROUP, LLC | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff KEVIN DEWAYNE MCCOWAN, complaining of Defendant, SERVA GROUP, LLC, and for cause of action would respectfully show;

### 1. Parties

1.1   Plaintiff Kevin Dewayne McCowan is a citizen of Texas and the United States and has been domiciled at all material times in Harrison County, Texas.

1.2   Defendant Serva Group, LLC is a Delaware limited liability company doing business in Texas.

2.2   Defendant Serva Group, LLC may be served with process through its registered agent, CT Corporation Systems, 1999 Bryant St., Suite 900, Dallas, Texas 75201-3136.

### 2. Subject Matter Jurisdiction

2.1   There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

2.2	Jurisdiction in this judicial district therefore exists under 28 U.S.C. §1332.

### 3.  Jurisdiction and Venue

3.1	Defendant Serva Group, LLC is subject to this Court's specific and general jurisdiction because they are registered to do business in the State of Texas, are doing business in the State of Texas and the Eastern District of Texas, and they have purposefully availed themselves of the rights and privileges of conducting business in Texas, including the Eastern District of Texas.

3.2	Defendant Serva Group, LLC regularly conducts business and solicits business in the State of Texas and the Eastern District of Texas and they derive substantial revenue from goods and services provided to residents within the State of Texas and the Eastern District of Texas.

3.3	Defendant Serva Group, LLC is subject to this Court's personal jurisdiction under Tex. Civ. Prac. & Rem. Code Ann. §17.042 (Texas Long-Arm Statute).

3.4	The assertion of this Court's jurisdiction over Defendant Serva Group, LLC complies with traditional notions of fair play and substantial justice.

3.5	Venue is proper in the Eastern District of Texas because this Court has personal jurisdiction over Defendant Serva Group, LLC, and also because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District.

3.6	Personal jurisdiction and venue in this judicial district are therefore proper under 28 U.S.C. §1391.

## 4. Statement of Claim with Facts
## Common to All Causes of Action

4.1     This case arises out of the unlawful acts and omissions of Defendant Serva Group, LLC for their negligent design, manufacture, marketing and distribution of a truck-mounted coiled tubing unit. Serva Group, LLC designs, manufactures, markets, sells, and distributes coiled tubing units for the oilfield throughout the United States, including Texas.

4.2     On or about March 15, 2018, Plaintiff, Kevin Dewayne McCowan, was attempting to repair a hydraulic hose underneath the "doghouse" of a Serva coiled tubing unit designed, manufactured, and distributed by Defendant. The "doghouse" was in a extended or raised position so Plaintiff could sit beneath the unit to conduct the repairs. This unit had safety "pins" that are engaged by a toggle switch expressly to keep the unit from falling when it is in the extended or raised position. However, on this occasion, unbeknownst to Plaintiff, the pins failed to engage when Plaintiff activated the toggle switch. When Plaintiff began his repairs, the "doghouse" immediately collapsed onto Plaintiff, striking him in the head and pinning him in a folded position underneath the unit, severely injuring this back and body generally. Plaintiff was pinned under the unit for over 45 minutes until emergency personnel removed him. Plaintiff sustained life-threatening injuries and was care-flighted to Christus Trinity Mother Frances Hospital in Tyler where he was placed on life support.

## 5.  Strict Liability Claim: Design Defect

5.1     This coiled tubing unit was defectively designed because the safety pins did not engage when the toggle switch was activated during normal operation. It did not perform in a manner that an ordinary user would have expected it to perform when used in an intended or reasonably foreseeable manner.

5.2     Design defects existed in the coiled tubing unit when it left the possession of Defendant Serva Group, Inc. and these defects rendered the unit unreasonably dangerous.

5.3     The design defects were a proximate and producing cause of this occurrence and Plaintiff's life-threatening injuries.

5.4     Safer alternative designs existed for the coiled tubing unit which were economically and technologically feasible and which would have prevented or reduced the risk of Plaintiff's injuries without substantially impairing the product's utility. There was only a nominal, if any, additional cost in using an alternative safer design and the alternative design had no disadvantages.

5.5     Any federal safety standards or regulations applicable to this product were inadequate to protect the public from unreasonable risks of injury or damage, and Defendant Serva Group, LLC withheld or misrepresented information or material relevant to the federal government's determination of the adequacy of these safety standards or regulations.

## 6. Strict Liability:  Manufacturing Defect

6.1     This coiled tubing unit was defectively manufactured because the safety pins did not engage when the toggle switch was activated during normal operation.  It did not perform in a manner that an ordinary user would have expected it to perform when used in an intended or reasonably foreseeable manner.

6.2      The manufacturer of this coiled tubing unit deviated from the product's design specifications and rendered it unreasonably dangerous.

6.3      The manufacturing defects were each a proximate and producing cause of this occurrence and Plaintiff's life-threatening injuries.

## 7. Gross Negligence

7.1     The conduct, acts, omissions and failures to act of Serva Group, LLC were fraudulent, malicious, outrageous and although the defective condition of this coiled tubing unit involved an extreme degree of risk, Defendant Serva Group, LLC proceeded with actual, subjective awareness of this risk and introduced this coiled tubing unit into the stream of commerce with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff.

## 8. Damages

8.1     Plaintiff has suffered damages in the past and in reasonable probability will suffer damages in the future proximately resulting from this occurrence.

8.2.     These damages include damages resulting to Plaintiff conditioned as he was at the time of this occurrence, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

8.3.     These damages include physical pain, mental anguish, loss of enjoyment of life, loss of earnings or earning capacity, physical and mental impairment, and reasonable expenses for necessary health care including rehabilitative services and devices resulting from the injuries sustained in this occurrence.

8.4.     These damages include any subsequent aggravation of the injuries sustained in this occurrence.

## 9. JURY DEMAND

9.1     Plaintiff requests a trial by jury.

## 10.  PRAYER FOR JUDGMENT

10.1   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant for the following relief:

10.2   Fair, just, and adequate compensation, well in excess of this Honorable Court's minimum jurisdictional requirement of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for past and future general and special damages including actual damages and exemplary damages;

10.3   Recovery of prejudgment and post judgment interest;

10.4   Reimbursement of taxable costs; and

10.5   Such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

ROBERTS & ROBERTS


BY:   */s/ Michael Ace*
      MICHAEL ACE
      *(lead attorney)*
      Bar No. 00828800
      mike@RobertsLawFirm.com
      RANDELL C. ROBERTS
      Bar No. 17016490
      randy@RobertsLawFirm.com
      118 West Fourth Street
      Tyler, Texas  75701
      Ph: (903) 597-6655
      Fax: (903) 597-1600
      Attorneys for Plaintiff